# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| RACHEL NOEL UNACHA, | ) | Case No. 18-40036-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 13 |
| ROBIN T. FLYNN, | ) | Case No. 18-41098-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 13 |
| ALICIA J. BENOIT, | ) | Case No. 18-41136-EDK |
| | ) | |
| Debtor | ) | |

## MEMORANDUM OF DECISION

Each of the debtors in the three cases currently before the Court (the "Debtors")
commenced voluntary individual Chapter 13 cases under the United States Bankruptcy Code (the
"Bankruptcy Code" or the "Code")[1] in order to (at least in part) cure prepetition defaults on
mortgage loans in an effort to retain their real properties and prevent foreclosure. Each of the
Debtors has proposed what is colloquially referred to as a "cure and maintain" Chapter 13 plan
(the "Plans"), i.e. they propose to cure their mortgage loan defaults over the applicable term of the

---

[1] See 11 U.S.C. §§ 101 *et al.*  All references to statutory sections are to the Bankruptcy Code unless
otherwise stated.

plan while maintaining postpetition payments on the loans. But rather than curing the prepetition defaults through monthly cash payments, the Debtors have proposed to cure the defaults by negotiating modifications of the underlying mortgage loans, which modifications would, presumably, capitalize or forgive the prepetition arrears and render the Debtors no longer in default. And, should the Debtors be unsuccessful in obtaining a loan modification, each proposes to surrender the relevant property.[2]

The respective holders of the mortgage loans in each case (together, the "Creditors")[3] have objected to confirmation of the Debtors' proposed Chapter 13 Plans (the "Plans") on similar grounds – primarily, that obtaining a home loan modification is not a permissible method of "cure" under the Code (the "Objections").[4] Because the initially-filed Objections failed to clearly flesh out the Creditors' arguments as to *why* a proposed loan modification cannot constitute "cure" under § 1322(b)(5) of the Code, the Court requested further briefing to address three issues: 1. whether a Chapter 13 plan that proposes to cure a prepetition mortgage loan default through obtaining a loan modification is confirmable over the creditor's objection; 2. if so, whether the Debtor must

---

[2] Specifically, each of the Debtors has included a provision in Part 8: Nonstandard Plan Provisions of the local form Chapter 13 Plan, *see* Mass. Local Bankr. R. Official Local Form 3, the following language:

> MORTGAGE CURE / HOME LOAN MODIFICATION / SURRENDER [sic]
>
> The Debtor is filing a home loan modification application. Said modification will cure mortgage arrears.
>
> If the Debtor is unable to receive a home loan modification then Debtor hereby surrenders the property.

[3] The objecting parties are: The Bank of New York Mellon in *In re Unacha*, case no. 18-40036; Federal National Mortgage Association in *In re Flynn*, case no. 18-41098; and U.S. Bank National Association in *In re Benoit*, case no. 18-41136.

[4] For ease of reading, the Court will refer to the arguments raised by the Creditors in the collective, although not all of the Creditors raised each of the arguments discussed in this Memorandum.

specify a time frame in which the loan modification must be obtained; and 3. whether the Debtor *must* provide for surrender of the property in the event the loan modification is not obtained.

Section 1322(b)(5) allows a debtor to propose a Chapter 13 plan that "provide[s] for the curing of any default within a reasonable time and maintenance of payments while the case is pending" on secured claims that mature after the completion of the plan. 11 U.S.C. § 1322(b)(5). The Code does not define what constitutes the "curing" of a default and does not dictate any particular method by which a default must be cured. The Code provides that *if* a debtor proposes to cure a default "in the form of periodic payments," then the payments must be in equal monthly amounts. 11 U.S.C. § 1325(a)(5)(B)(iii)(I). And *if* a debtor proposes to cure a prepetition default through cash payments, the plan must provide for payment of the entire arrearage. *See In re Euliano*, 442 B.R. 177 (Bankr. D. Mass. 2010). None of the Creditors has cited relevant statutory or case law that would prohibit a debtor from proposing a method of cure in a form other than cash payments. Accordingly, based on the arguments presented by the parties, the Court is not persuaded that a Chapter 13 plan cannot be confirmed over a creditor's objection solely on the grounds that a loan modification cannot constitute "cure" under § 1322(b)(5).

Much of the argument in the supplemental briefs focuses instead on the particular facts and circumstances of each of the Debtors' cases in support of arguments that the prospect of obtaining a loan modification is too speculative, remote, or unlikely, rendering the Plans not feasible within the meaning of § 1325(a)(6) and/or to argue that the plan was not proposed in good faith as required by § 1325(a)(3). And, with regard to whether the Debtors' Plans must include a time frame for obtaining a loan modification, the Creditors point only to the requirement in § 1322(a)(5) that the curing of any default must be accomplished within a "reasonable time." They do not, however, present any legal argument as to whether or why a "reasonable time" cannot correspond to the

length of the plan. Therefore, the Court holds that a cure through loan modification may be attempted over the length of the plan, unless the objecting party presents a persuasive legal or evidentiary argument to support a contrary ruling.

These newly-raised questions of feasibility, good faith, and the reasonableness of a proposed time for cure are all factual issues that require an evidentiary showing and are not susceptible to a ruling in the present procedural context. More importantly, they were not raised in the originally filed Objections, which posited only that cure through a loan modification was legally impermissible under the Code. In fact, the cases primarily relied on by the Creditors, *Austin v. Bankowski (In re Austin)*, 519 B.R. 559 (D. Mass. 2014) and *In re Cuervo*, 13-16262 (Bailey, J.), involved denial of confirmation of "cure through loan modification plans" based on the unique facts present in those particular cases. Neither stands for the proposition that a loan modification cannot constitute a valid method of cure under § 1322(a)(5).[5, 6]

As for the provision in each of the Debtors' Plans that provide that the Debtor "hereby surrenders" the subject property if loan modification efforts prove unsuccessful, the Court agrees

---

[5] In *Austin*, the District Court held that the bankruptcy court did not err in denying confirmation of a plan proposing to cure mortgage arrears through a loan modification where no modification had been obtained and the term of the plan was expiring "within the month." In that context, the Debtor's ability to obtain a modification prior to the expiration of the plan's term was so remote that the District Court found no clear error in the bankruptcy court's finding that the plan was not feasible under § 1325(a)(6). *Austin*, 519 B.R. at 566-67.

In the *Cuervo* case, Judge Bailey denied confirmation of a Chapter 13 plan that proposed to cure a prepetition mortgage loan default through a loan modification, ruling that "[t]he Court will not confirm a plan that is predicated on a debt structure that does not presently exist and may not come to be. The plan must address circumstances as they presently exist." ECF No. 45. A review of the objection to confirmation in that case, however, reveals that the Debtor was simply not eligible for a loan modification under the particular circumstances of that case. *See* ECF No. 36. The Court declines to take Judge Bailey's unpublished ruling out of context as precedent for the proposition that a cure through loan modification is prohibited by the Bankruptcy Code.

[6] Because, for reasons discussed later in this Memorandum, the Debtors will be ordered to amend the proposed Plans, the Creditors may raise those factual issues, if appropriate, in any future objection.

with the Creditors that this type of equivocal surrender is not permissible under the Code absent a creditor's consent. This Court agrees with the reasoning of Judges Hoffman and Bailey in *In re Thompson*, 581 B.R. 1 (Bankr. D. Mass. 2018) and *In re Tosi*, 546 B.R. 487 (Bankr. D. Mass. 2016) that, if a debtor proposes to surrender property to a secured creditor in satisfaction of their claim pursuant to § 1325(a)(5)(C), that surrender cannot be delayed and must occur at or before the time of plan confirmation. Because the Plans at issue here provide for a type of deferred surrender that is not permissible under the Code, *see Thompson*, 581 B.R. at 5-6; *Tosi*, 546 B.R. at 49, the Court will order the Debtors to file amended plans removing the alternative surrender provisions.[7]

For all the foregoing reasons, each of the Objections to the Debtors' Plans will be overruled in part and sustained in part and the Debtors will be ordered to file amended Chapter 13 plans in accordance with this Memorandum of Decision. Separate orders will issue forthwith.

DATED: April 23, 2019                         By the Court,

                                              *Elizabeth D. Katz*

                                              Elizabeth D. Katz
                                              United States Bankruptcy Judge

---

[7] This ruling should not be construed as precluding other debtors from providing an alternative for surrender in similar plans in the event a loan modification is not obtained. Such provisions may placate anxious lenders by indicating that they will be free to exercise their state law rights with regard to the subject collateral in the event loan modification efforts are unsuccessful, increasing the odds that a lender will accept the plan under § 1325(a)(5)(A). Here, however, because the Creditors are now objecting to the alternative surrender provisions, the Court cannot confirm the Plans as presently drafted.